Gary L. Cutler
Harris, Cutler, Cash & Houghteling LLP
111 Broadway, Suite 1401
New York, NY 10006
Telephone: (212) 616-3034
Facsimile: (212) 202-6206

Nadia P. Bermudez
GARCIA CALDERON & RUIZ, LLP
625 Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 564-8400
Facsimile: (619) 564-8404
*(Admitted Pro Hac Vice)*
Attorneys for Miguel Angel Peredo Luna

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXPORT-IMPORT BANK OF THE UNITED STATES,<br>Plaintiff,<br><br>-v-<br><br>HI-FILMS S.A. de C.V., MIGUEL ANGEL PEREDO LUNA, ADRIAN PEREDO LUNA, and GABRIELA PEREDO LUNA,<br>Defendants. | Case No.: 09 CIV. 3573<br><br>DEFENDANT MIGUEL ANGEL PEREDO LUNA'S RESPONSE TO PLAINTIFF'S SURREPLY RE DEFENDANT'S MOTION TO DISMISS (1) UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND (2)PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*; REQUEST FOR STAY OF PROCEEDINGS |

Defendant Miguel Angel Peredo Luna ("Mr. Peredo") makes this special appearance and respectfully submits this Response to the Surreply filed by Plaintiff Export-Import Bank of the United States ("Plaintiff" or "Ex-Im Bank").

1

I.   **Mr. Peredo Has No Connection to New York, and Due Process Would Be Thwarted If This Case Continues in this Venue.**

Despite efforts to disparage Mr. Peredo, the fact remains that Mr. Peredo has absolutely no ties to New York state. Mr. Peredo is a citizen of Mexico and as set forth in his supplemental affidavit, he currently holds an E-2 Visa to enter the United States and work with a company called PG Films in San Diego, California. (*See,* Affidavit of Miguel Angel Peredo Luna ["Peredo Affidavit"], filed concurrently, ¶ 2.) Additionally, he files non-resident tax returns with the United States of America and does not personally own any property in the United States. (*See,* Peredo Affidavit, ¶ 2.) Mr. Peredo is in the United States through a special visa for investors, and maintains no permanent status in the United States. This is not and cannot be disputed.

Indeed, Plaintiff has not and cannot show that there is any connection between Mr. Peredo and New York. Obviously, there is a venue selection clause indicating that New York is a possible venue, but so is Mexico. For Mr. Peredo, therefore, New York is an arbitrary venue.[1]

In the prior deposition testimony cited to Plaintiff, both of those cases implicated business operations in Mexico and a Mexican company called Grupo Cuadro, S.A. de C.V. (*See,* Peredo Affidavit, ¶¶ 3-6.) Mr. Peredo has conceded all along that he has business in San Diego, California, with PG Films, a company located approximately 1.5 miles from the U.S. Port of entry into Mexico. As set forth in his supplemental affidavit, he admits that the statements given under oath were true statements at the time. Further, Mr. Peredo's residence was not at issue – either factually or legally--in either of the litigations. (*See,* Peredo Affidavit, ¶ 6.)

---

[1] Plaintiff pointed out an error in Mr. Peredo's papers. The Surreply at p. 2 states that it would be "unreasonable 'to drag [him] to a foreign country [i.e., the United States" to which he has no ties.'" The papers should have stated: "drag [him] to a foreign **venue**". This was inadvertent oversight, as Mr. Peredo has always conceded that he has business dealings in San Diego, California since his initial declaration. Defendant's counsel apologizes to the Court for the oversight.

2

In the interests of judicial economy, this case should be heard in Mexico since it would likely return to Mexico if a judgment is rendered in the U.S. and therefore, a dismissal is appropriate. Specifically, execution of any judgment in Mexico would have to navigate through legal proceedings the Mexican courts prior to enforcement. Plaintiff has not shown that any judgment could be executed against Mr. Peredo in the United States. To prevent multiple litigations including a bankruptcy proceeding, this Court should strongly consider a dismissal of the New York action.

In the interests of due process, a dismissal is appropriate. Assuming that this case proceeds in New York, Mr. Peredo would likely not be able to finance this case through opposing a motion for summary judgment, much less trial, and would thus face a judgment. If this Court grants Mr. Peredo's motion and the case is brought in Mexico, there would be more order to the case and Mr. Peredo and the other unserved parties would receive due process. Mr. Peredo would not be able to afford defense representation and it would be a certainty that as a result, he would lose this case without a single witness testifying or a having any documents exchanged. (*See,* Peredo Affidavit, ¶ 7.) Such a result would be manifestly unjust and unfair. Therefore, Mr. Peredo implores this Court to consider his plea to have the instant case dismissed, in favor of a Mexican venue.

## II. Miguel Peredo's Financial Ability to Continue in the New York Litigation Has Worsened.

As set forth in his supplemental affidavit, Mr. Peredo has found it even more difficult to keep his representation in New York, and continues to struggle with financing a defense in New York state. (*See,* Peredo Affidavit, ¶¶ 7-8.) Additionally, he has stated that because of his travels and business, it has been exceptionally difficult for him to communicate with his New York counsel. (*See,* Peredo Affidavit, ¶ 8.)

3

If this Court decides to dismiss the case so that it can be brought in Mexico, Mr. Peredo will be able to retain counsel and have access to the relevant documentary evidence and witnesses in this case. (*See,* Peredo Affidavit, ¶ 2.) Moreover, he will be able to continue his bankruptcy proceeding in Mexico. As set forth in his supplemental affidavit, Mr. Peredo has been informed by his attorney in Mexico that the Mexican Embassy of Washington, D.C. has received the appropriate notice of the Mexican bankruptcy proceeding, and that the next step is that Plaintiff Ex-Im Bank will be served with a certified Letter Rogatory concerning the status of the proceeding. (*See,* Peredo Affidavit, ¶ 8.) Therefore, Mr. Peredo requests that this Court dismiss the New York proceeding so that the parties can go forward with litigation in Mexico.

### III.   Plaintiff Restates an Unmeritorious Argument.

Plaintiff's Surreply restates his position that the bankruptcy proceedings initiated by Mr. Miguel Angel Peredo Luna in Mexico were initiated in the wrong Mexican venue. This argument was previously raised in Plaintiff's Opposition and was squarely addressed in Mr. Peredo's Reply. Plaintiff's expert's opinion is incorrect, because (1) he opines about Mr. Peredo's domicile as a factual matter, and (2) mistakenly applies the law of domicile for commercial entities to an individual under Mexican law. As stated in Mr. Peredo's reply, under Mexican law, a person (not a commercial entity) can have various domiciles, and the concept of "domicile" or "residence" is defined by the Civil Code of each one of the Mexican States.

///

///

///

///

///

///

4

## IV. Conclusion.

Based on the foregoing, Defendant Miguel Angel Peredo Luna respectfully requests the Court grant the motion on the grounds that either (1) this Court lacks personal jurisdiction over Mr. Peredo, or (2) pursuant to the doctrine of *forum non conveniens*.

SPECIALLY APPEARING FOR MIGUEL ANGEL PEREDO LUNA

Dated: January 14, 2010

Respectfully submitted

GARCIA CALDERON RUIZ LLP

By: _____

NADIA P. BERMUDEZ, ESQ.

4851-4336-0772, v. 1

## CERTIFICATE OF SERVICE

I, Gary L. Cutler, affirm that I am an attorney admitted to the practice of law in New York State and before this Court. On January 15, 2010, I caused to be served the foregoing (A) Defendant Miguel Angel Peredo Luna's Response to Plaintiff's Surreply Re Defendant's Motion to Dismiss (1) Under Federal Rule of Civil Procedure 12(B)(2) For Lack of Personal Jurisdiction and (2) Pursuant to the Doctrine of Forum Non Conveniens; Request for Stay of Proceedings and (B) Affidavit of Defendant Miguel Angel Peredo Luna In Re His Response to Plaintiff's Surreply Re Defendant's Motion to Dismiss (1) Under Federal Rule of Civil Procedure 12(B)(2) For Lack of Personal Jurisdiction and (2) Pursuant to the Doctrine of Forum Non Conveniens; Request for Stay of Proceedings via e-mail and the EC/CMF system on:

PREET BHARARA
United States Attorney for the
Southern District of New York
By: Assistant U.S. Attorney Li Yu
86 Chambers Street, Third Floor
New York, NY 10007

s/ Gary L. Cutler
Gary L. Cutler (GLC3517)
Harris, Cutler, Cash & Houghteling LLP
111 Broadway, Suite 402
New York, NY 10006
Direct Dial: (646) 395-3480
Fax: (212) 202-6206
gcutler@hcchlaw.com