Gary L. Cutler
Harris, Cutler, Cash & Houghteling LLP
111 Broadway, Suite 1401
New York, NY  10006
Telephone:  (212) 616-3034
Facsimile:  (212) 202-6206

Nadia P. Bermudez
GARCIA CALDERON & RUIZ, LLP
625 Broadway, Suite 1400
San Diego, California 92101
Telephone:  (619) 564-8400
Facsimile:  (619) 564-8404
*(Admitted Pro Hac Vice)*
Attorneys for Miguel Angel Peredo Luna

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXPORT-IMPORT BANK OF THE UNITED STATES,<br>         Plaintiff,<br><br>-v-<br><br>HI-FILMS S.A. de C.V., MIGUEL ANGEL PEREDO LUNA, ADRIAN PEREDO LUNA, and GABRIELA PEREDO LUNA,<br>         Defendants. | Case No.: 09 CIV. 3573<br><br>AFFIDAVIT OF DEFENDANT MIGUEL ANGEL PEREDO LUNA IN RE HIS RESPONSE TO PLAINTIFF'S SURREPLY RE DEFENDANT'S MOTION TO DISMISS (1) UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) FOR LACK OF PERSONAL JURISDICTION AND (2)PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*; REQUEST FOR STAY OF PROCEEDINGS |

I, Miguel Angel Peredo Luna, declare:

1.      I am an individually named Defendant in the above referenced case.  Except as to those matters attested to on information and belief, I have firsthand personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto under oath.

2. As I have previously stated, I am a Mexican citizen. However, I am currently authorized to enter the United States. Specifically, I currently hold an E-2 visa to enter the United States and work with a company called PG Films in San Diego, California. The E-2 Visa is considered a non-immigrant visa for investors and essential staff. The visa provides me a work authorization for PG Films only. Additionally, I file non-resident tax returns with the United States of America. I do not personally own any property in the United States.

3. I am also a non-owner/non-equity officer of PG Films. The case in which I gave deposition testimony, which was referred to Plaintiff's Surreply, involved PG Films and a Mexican business entity (similar to a corporation termed "*sociedad anomina*") called Grupo Cuadro, S.A. de C.V. I have a power of attorney to take certain actions on behalf of Grupo Cuadro, which has its primary business operations in Querétaro, México. I am neither an owner nor an officer of Grupo Cuadro.

4. I was sued as an individual defendant, along with PG Films and Grupo Cuadro, in San Diego, California in the case referenced by Plaintiff. That case is entitled *Sabic Americas, Inc. v. Grupo Cuadro,* San Diego Superior Court Case No. 37-2007-00076795-CU-BC-SC. The case involved the purchase of plastic resins by Grupo Cuadro from Sabic Americas, Inc. ("Sabic") and shipments from Saudi Arabia to Mexico. As conceded in Plaintiff's Complaint in that case, all negotiations related to the sale of resins took place in Quertero, Mexico. The dispute related to Plaintiff Sabic's allegations that Grupo Cuadro breached its contract, and Grupo Cuadro cross-complained on the ground that the Sabic failed to provide a product that was fit for its intended purpose. On November 17, 2009, I was ultimately dismissed from the case, along with PG Films, when a Motion for Judgment on the Pleadings and then a Demurrer was granted by the

San Diego Superior Court. All defendants in that action were dismissed except for Grupo Cuadro pursuant to that same order. When I testified regarding my residence at the time of the *Sabic* litigation, those were true statements.

5.      I am currently in San Diego this week because I was expected to be a witness in *Sabic Americas, Inc. v. Grupo Cuadro,* which was set for trial for January 8, 2010 in the San Diego Superior Court. As of last Friday, the case was awaiting an assignment to a trial judge. My understanding is that the case reached a tentative settlement on January 11, 2010 and that the Court has been made aware of the settlement, and that a Settlement Agreement will be executed this week. As of today's date, the case has not been dismissed by the Court.

6.      The Texas case that was cited in Plaintiff's Surreply papers included a declaration that I was asked to provide in connection with a lawsuit between plaintiff M. Holland and Grupo Cuadro regarding the purchase of raw materials to be delivered to Queretaro, Mexico. At the time I signed the declaration, the statements set forth therein were true. The case remains unresolved to this date. In both the litigations referred to in the Surreply, my residence was not at issue, either as a legal or factual matter.

7.      Since my last declaration, I have found it even more difficult to keep my local counsel in New York. I am not able to mount and finance a defense in New York state. As a matter of fact, I do not know anyone in the entire state – other than counsel that I hired in this matter (referred to me by an attorney in San Diego.) I will not be able to finance the New York litigation through discovery and I will most certainly lose my ability to have counsel represent me in this action. Because of my travels and business, it is exceptionally difficult for me to communicate with my New York counsel. Additionally, at times, I require a translator if

documents are written in sophisticated English language. For my deposition in the *Sabic v. Grupo Cuadro* case, I required an English interpreter.

8.   Again, I have absolutely no connection to New York. I do have a connection to San Diego County in the United States via PG Films. In Mexico, I will be able to retain counsel and have access to the relevant documentary evidence and witnesses in this case. Moreover, I will be able to continue the bankruptcy proceeding that was already initiated in Mexico. I have been informed by my attorney in Mexico that the Mexican Embassy of Washington, D.C. has received the appropriate notice of the Mexican bankruptcy proceeding, and that the next step is that Plaintiff Ex-Im Bank will be served with a certified Letter Rogatory concerning the status of the proceeding. My lawyers in Mexico are handling the bankruptcy proceeding in Mexico. I have experienced severe economic challenges in paying for multiple legal representation, including my lawyers in Mexico regarding the bankruptcy; the attorneys in San Diego, whom are bilingual and have represented Grupo Cuadro previously, and my New York local counsel, whom have helped my navigate through the New York litigation. It has been extremely difficult for me to address the bankruptcy in Mexico simultaneously with the lawsuit in New York, as well as my involvement in PG Films. Therefore, I implore the Court to dismiss this action in favor of the case going forward as a separate case in Mexico, or through the bankruptcy proceeding that has already begun. I thank the Court for its consideration of this affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of January, 2010, in San Diego, California.

_____
Miguel Angel Peredo Luna

4851-4336-0772, v. 1